IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40305
Conference Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE BERNARDO MARQUEZ-ROA,

Defendant-Appellant.

**CONSOLIDATED WITH**

_____

No. 01-40360
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE MARQUEZ,

Defendant-Appellant.


--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. L-00-CR-1167-ALL & L-96-CR-9-ALL
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Jose Bernardo Marquez-Roa ("Marquez") appeals his conviction

following his plea of guilty to illegal reentry into the United

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

States after deportation, a violation of 8 U.S.C. § 1326. Marquez argues that his indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent.

Because Marquez did not present this argument to the district court, the indictment is reviewed with "maximum liberality." United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000). Marquez' indictment listed every statutorily required element of 8 U.S.C. § 1326, informed him of the charge, and fairly imported that his reentry was a voluntary act in view of the allegation that he had been deported and removed from the United States and was subsequently found in the United States without having obtained the consent of the Attorney General. Marquez' indictment was statutorily and constitutionally sufficient. See id. at 239 n.13.

Marquez' conviction and sentence are AFFIRMED.